IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODGERS LOUIS NUNLEY, N20546, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 24-cv-2627-RJD ) |
| DeeDee HARTBROOK, L. CUNNINGHAM, KRISTINA BROWN, BROWN (Program Warden), | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Rodgers Louis Nunley, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Western Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On January 29, 2025, the Court found Plaintiff's complaint insufficient to state a claim (Doc. 12), and on March 17, 2025, the Court found Plaintiff's First Amended Complaint (Doc. 15) insufficient to state a claim. Plaintiff's Second Amended Complaint is now before the Court for initial review. (Doc. 19). Plaintiff has also filed a Motion for Status (Doc. 20) and a separate demand for relief (Doc. 21).

Plaintiff's second amended complaint (Doc. 19) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The factual narrative of Plaintiff's second amended complaint is short and legible, but it is substantively difficult to comprehend. Plaintiff alleges that on August 1, 2015, he was taken to the hospital to have a blood clot removed from his head. (Doc. 19 at 20). He was supposed to commence therapy after that procedure, but he alleges Menard did not have any therapy until two years later, in February of 2017. He claims at some point he had a "really bad seizure," and he was again hospitalized. He seems to allege that he fell unconscious at the prison as he waited for care, and later awakened at the hospital. A doctor gave him a prescription for a seizure controlling medication. He claims he tried, via grievance and via a request to internal affairs, to have the incident where he lost consciousness be investigated, but he never succeeded at getting more information about that medical incident. In sum, he asks the Court to "stop the torture." As relief he also asks, "to be set free because the Department of Illinois Correction health care has not provided [him] with A, B, C, or D healthcare coverage after surgery nor equal protection under the law." (Doc. 19 at 21).

In support of the complaint, he submitted two grievances. In one from December of 2023, he complains that when he arrived at Lawrence Correctional Center, there was an outbreak of legionella and the omicron variant of Covid. (Doc. 19 at 14). In another grievance dated January of 2024, he complained that he had been an ischemic stroke patient in IDOC for years and had not

received proper therapy. He also complained about a confrontation with an officer, and a transfer to another prison. Aside from the grievances, Plaintiff submitted envelopes addressed to lawyers and law firms, a document about prison programming, and a copy of this Court's earlier order in this case.

Plaintiff's second amended complaint is still inadequate as pled. First, he named four individuals as defendants in the case caption, but he does not discuss them at all in his factual narrative. The Court explained in relation to both the original and the amended complaint that to state a valid claim against an individual, he must name them in the caption, and he must also describe their personal actions in the body of the complaint. Naming people in the case caption without describing their personal role in the facts alleged is insufficient to state a claim. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994).

Second, Plaintiff's facts still do not provide enough detail for the Court to understand what happened. In fact, with each version of the complaint, Plaintiff's allegations have become less clear, instead of clearer. It also seems that Plaintiff's focus in this litigation has shifted over time. In the initial complaint, he focused on issues he faced at Pinckneyville securing adequate care upon arrival. There is essentially no discussion of this topic in the second amended complaint. In the first amended complaint, he appeared to discuss prison disciplinary proceedings, or his access to medications, but neither issue seems to be included in the second amended complaint. Now in the second amended complaint, he seems to focus purely on his ability to seek healthcare for the entirety of the last ten years. Although access to healthcare for a serious stroke or medical condition certainly could provide a basis for a deliberate indifference claim under the Eighth Amendment, Plaintiff's only specific allegations seem to date back to care between 2015-2017. He claims his access to care continues to be limited, but he does not say who he has approached

for care, when he has approached them, how often he has sought care, or what sort of responses he has received. Without any basic information about his ongoing or current efforts to seek care, he cannot proceed.

At this point, having reviewed three pleadings, the Court finds that Plaintiff's pleadings are insufficient to state a claim. One significant thing to note is that Plaintiff identifies four defendants whom he associates with Lawrence Correctional Center, but he is now at Western Correctional Center. He provides no information about when he was at Lawrence, how long he was there, or how his current conditions might differ from what he experienced at Lawrence or any of the other facilities mentioned in his complaint. There is simply insufficient information for the Court to plausibly infer Plaintiff has a valid claim against the named defendants. Additionally, to the extent that Plaintiff seeks his release from custody, this is not a form of relief that he could get based upon inadequate medical care, and it is not a form of relief he could ever secure in a §1983 action. The sole avenue to secure release from custody is via a habeas corpus petition. Having provided multiple opportunities for Plaintiff to amend, with a detailed explanation of the reasons he needed to amend, the Court now concludes that Plaintiff's pleadings in this case are too deficient to proceed, and that it would be fruitless to provide him further opportunities to amend.

The Court acknowledges that Plaintiff tendered copies of the outside of envelopes that he allegedly sent to law firms and lawyers. Perhaps this was done to suggest he desired counsel for this case, but he never filed a formal motion. There is no right to counsel in civil matters, and without a formal motion, the Court does not find it appropriate to appoint counsel.

In sum, this case is now dismissed with prejudice for failure to state a claim. The Court will not grant leave to amend further, because it has already reviewed three complaints, and each

pleading has contained less detail than the last. This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

## Disposition

Plaintiff's Second Amended Complaint (Doc. 19) is **DISMISSED** with prejudice for failure to state a claim. Plaintiff's Motion for Status (Doc. 20) is **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: June 9, 2025

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**